IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANALOG DEVICES, INC.<br><br>   Plaintiff,<br><br> v.<br><br>XILINX, INC.,<br><br>   Defendant.<br><br>XILINX, INC. and<br>XILINX ASIA PACIFIC PTE. LTD.,<br><br>   Counterclaim Plaintiffs,<br><br> v.<br><br>ANALOG DEVICES, INC.,<br><br>   Counterclaim Defendant. | Civil Action No. 19-cv-2225-RGA |

MEMORANDUM ORDER

Before the Court is Xilinx's Motion to Strike Affirmative Defense of Inequitable Conduct. (D.I. 60). The motion is fully briefed. (D.I. 61, 71, 73). For the reasons set forth below, Xilinx's motion is GRANTED with leave to amend.

**I. BACKGROUND**

In response to Xilinx's amended counterclaims (D.I. 46), Analog Devices, Inc. ("ADI") filed an answer (D.I. 54) asserting the affirmative defense of inequitable conduct during the

1

prosecution of U.S. Patent No. 7,224,184 ("the '184 Patent"). (D.I. 71 at 1; D.I. 54 at ¶¶ 11-14).[1] ADI alleges that Delon Levi, a former Xilinx employee and named inventor of the '184 Patent, intentionally withheld a material reference from the PTO during prosecution. (D.I. 54 at ¶¶ 11-13).  Mr. Levi is a named author on the 2003 article, S. Young, et al., *A High I/O Reconfigurable Crossbar Switch* (hereinafter the "Levi Reference"). (*Id*. at ¶ 12).  ADI alleges that this reference constitutes prior art to the '184 Patent and that Levi knowingly failed to disclose it. (*Id.*)

Xilinx moved to strike this affirmative defense under Federal Rule of Procedure 12(f) and requested that the court deny ADI the opportunity to amend. (D.I. 61 at 1).

## II. LEGAL STANDARDS

### A. Motion to Strike

Federal Rule of Civil Procedure 12(f) permits the court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  The Third Circuit cautions that "a court should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.'" *Cipollone v. Liggett Grp., Inc*, 789 F.2d 181, 188 (3d Cir. 1986).  In order to survive a motion to strike for failure to state a claim, the affirmative defense must meet the applicable pleading standard. *See Sonos, Inc. v. D&M Holdings Inc.*, 2016 WL 4249493, at *4 (D. Del. Aug. 10, 2016); *Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 306 (D. Del 2013). "When considering such a motion, the Court must construe all the facts in favor of the nonmoving party [] and deny the motion if the defense is sufficient under law." *Proctor & Gamble Co. v. Nabisco Brands, Inc*., 697 F. Supp. 1360, 1362 (D. Del. 1988).

---

[1] Paragraph numbering for Affirmative Defenses begins on page 17 of the answer. (D.I. 54).

### B. Inequitable Conduct

Inequitable conduct requires that (1) "the patentee acted with the specific intent to deceive the PTO," and (2) the material withheld from the PTO satisfies "but-for materiality," that is, "the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290-91 (Fed. Cir. 2011).

Inequitable conduct must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). *Exergen Corp v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009). To meet this standard, "the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* The court in *Exergen* clarified that while intent may be pleaded generally, the pleading must still "include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-29.

### III. DISCUSSION

Xilinx argues that ADI's pleading is deficient with respect to (1) the non-cumulativeness of the prior art; (2) materiality; and (3) intent. (D.I. 61 at 7-9). I will address each in turn.

Xilinx argues that ADI's pleading must fail because it does not address how the Levi Reference is not cumulative of the prior art before the PTO. (*Id.* at 7). ADI asserts that Xilinx is merely faulting it for not using the term "non-cumulative" but that the pleadings adequately address how the Levi Reference would have been interpreted by the PTO. (D.I. 71 at 9). In support of its argument, ADI points to language discussing the contents of the Levi Reference as

evidence that its pleading "identif[ies] the particular claim limitations . . . that are supposedly absent from the information of record." (*Id.* at 9 (citing *Exergen*, 575 F.3d at 1329)).

I agree that ADI need not use the term "non-cumulative," but the pleadings must contain facts that demonstrate "'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." *Exergen*, 575 F.3d at 1330; *see also Aerocrine AB v. Apieron Inc.*, 2010 WL 1225090, at *9 n.7 (D. Del. Mar. 30, 2010) (collecting post-*Exergen* caselaw on point). ADI's pleading states:

> On information and belief, Mr. Levi knowingly failed to disclose the Levi Reference with a specific intent to deceive the USPTO. As a listed author of the Levi Reference, Mr. Levi was unquestionably aware of the Levi Reference. Moreover, the Levi Reference was plainly material to the patentability of the '184 claims. For example, claim 1 of the '184 patent claims a programmable logic device, with reconfigurable modules for implementing tasks, and a dynamically reconfigurable crossbar switch. The Levi Reference discloses modules for implementing tasks similar to those Xilinx has accused of infringement in its sixth counterclaim.[2] The Levi Reference also discloses a dynamically reconfigurable crossbar switch.
> …
> Upon information and belief, the USPTO relied on Mr. Levi's material omission in issuing the '184 patent. But for Mr. Levi's material omission, the USPTO would not have granted one or more claims of the '184 patent.

(D.I. 54 at ¶¶ 13, 14 (footnote added)). From these allegations, there is nothing one can infer about the contents of the prior art before the PTO and whether the Levi Reference fills any gaps therein.

Relatedly, Xilinx argues that ADI's materiality allegations are insufficient. (D.I. 61 at 8). Xilinx asserts that the above allegations concerning the Levi Reference are too general and do not adequately address how the Levi Reference is relevant to the patentability of claim 1 of the '184 patent. (*Id.* at 8-9). ADI argues that identifying the "dynamically reconfigurable crossbar

---

[2] I am not sure of the relevance of an assertion that the accused product is similar to the prior art.

switch" and "modules for implementing tasks similar to those Xilinx has accused of infringement in its sixth counterclaim" is sufficient to tie the Levi Reference to claim 1 of the '184 Patent. (D.I. 71 at 10-11).[3]

ADI's failure to address the contents of the prior art before the PTO means that ADI has failed to plead materiality with the particularity required by Rule 9(b). In addition to the facts recited, ADI's conclusory assertion that "[b]ut for Mr. Levi's material omission, the USPTO would not have granted one or more claims of the '184 patent" is insufficient to satisfy this pleading standard. *See Allergan USA, Inc. v. Prollenium US Inc.*, 2019 WL 7298569, at *3 (D. Del. Dec. 9, 2019) ("The use of boiler plate and conclusory allegations will not suffice.") (quoting *Kuhn Constr. Co. v. Ocean & Coastal Consultants, Inc.*, 844 F. Supp. 2d, 519, 530 (D. Del. 2012)); *Human Genome Scis. v. Genentech, Inc.*, 2011 WL 7461786, at *4 (C.D. Cal. Dec. 9, 2011). Further, the few facts included in the pleadings do not include the required "how" and the "why." *Exergen*, 575 F.3d at 1329-30; *see also Aevoe Corp. v. AE Tech. Co.*, 2013 WL 876036, at *8 (D. Nev. Mar. 7, 2013) (demonstrating the omitted material's relevance was insufficient to satisfy materiality). These omissions are fatal to ADI's pleading.

Lastly, Xilinx asserts that ADI's pleading fails to include facts that would allow the court to infer specific intent to deceive the PTO. (D.I. 61 at 9). With respect to Mr. Levi, ADI alleges: (1) Mr. Levi is a named inventor on the '184 patent; (2) Mr. Levi is a named author of the Levi Reference; (3) "On information and belief, Mr. Levi knowingly failed to disclose the Levi Reference with a specific intent to deceive the USPTO;" (4) "As a listed author of the Levi Reference, Mr. Levi was unquestionably aware of the Levi Reference;" (5) "On information and

---

[3] ADI also cites to portions of patent prosecution demonstrating the materiality of the Levi Reference. (D.I. 71 at 11-12). While I may take judicial notice of the patent prosecution on a motion to strike, ADI may not introduce new allegations by citing to this material in order to supplement its pleading.

5

belief, Mr. Levi—a named inventor on the '184 patent and a named author on the Levi Reference—would have recognized the materiality of the Levi Reference to the prosecution of the '184 patent;" (6) "On information and belief, Mr. Levi nevertheless made the decision to withhold the Levi Reference from the USPTO." (D.I. 54 at ¶¶ 12-14).

Xilinx argues that ADI's argument is predicated entirely on Levi's knowledge of the omitted document, which is inadequate as matter of law. (D.I. 61 at 9). In support, Xilinx cites *Bayer Cropscience* wherein a named inventor failed to disclose a reference he co-authored to the PTO. (*Id.*, citing *Bayer Cropscience v. Dow Agrosciences LLC*, 2012 WL 1253047, at *4 (D. Del. Apr. 12, 2012) (finding insufficient evidence of specific intent)). ADI argues that *Bayer Cropscience* is distinct because there the omitted reference was published after the application was submitted. (D.I. 71 at 14 n.6). While I agree that the timeline is more favorable to ADI in this case, ADI's allegations align with those rejected in *Therasense*. "Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive." *Therasense*, 649 F.3d at 1290. Without more, ADI's allegations fail to provide facts from which the court can reasonably infer specific intent.[4]

In the alternative, ADI requests leave to amend its pleadings. (D.I. 71 at 15). Xilinx argues that any amendment would be futile and that ADI forfeited the right to amend when it declined a previous opportunity to amend its pleading. (D.I. 73 at 9). I disagree. ADI has pointed to material in the prosecution history that indicates that it may be possible to cure its pleading.

---

[4] While *Exergen*, not *Therasense*, provides the standard for pleading inequitable conduct, it remains that ADI's pleading is insufficient if it fails state a claim under the law as articulated by *Therasense*. *See Wyeth Holdings Corp. v. Sandoz, Inc.*, 2012 WL 600715, *12 (D. Del. Feb. 3, 2012) (declining to apply the "single most reasonable inference" standard from *Therasense* at the pleading stage).

(*See, e.g.*, D.I. 71 at 9-10, 11-12). Xilinx cites no authority supporting its theory that declining to amend at the request of opposing counsel[5] is evidence of a dilatory motive. (D.I. 61 at 10-11).

### IV. CONCLUSION

Xilinx's motion to strike ADI's affirmative defense of inequitable conduct (D.I. 60) is **GRANTED** with leave to amend.

IT IS SO ORDERED this 9th day of February 2021.

/s/ Richard G. Andrews
United States District Judge

---

[5] On April 30, 2020 Xilinx advised ADI that it would move to strike its affirmative defense and proposed that ADI amend its pleading by May 8, 2020 in order to avoid motion practice. (D.I. 62, Ex. A at 1-2).